UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-23213-CIV-ALTONAGA/Reid

JASON SMITH, *et al.*,

      Plaintiffs,

v.

FALCO PICTURES, LLC, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On May 6, 2026, Plaintiffs, Jason Smith and Jonathan Santana filed a Complaint [ECF No. 1], asserting three claims for relief against Defendants, Falco Pictures, LLC and Artists Equity, LLC. (*See generally id.*). Plaintiffs invoke the Court's diversity jurisdiction under 28 U.S.C. section 1332(a)(1), alleging the amount in controversy exceeds $75,000 and "there is complete diversity of citizenship between Plaintiffs and the Defendants[.]" (*Id.* ¶ 5 (alteration added)).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Stated differently, it is the Court's responsibility to "zealously insure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alteration added).

CASE NO. 26-23213-CIV-ALTONAGA/Reid

Plaintiffs' jurisdictional allegations are insufficient. (*See generally* Compl.). While Plaintiffs assert the amount in controversy exceeds $75,000.00 (*see id.* ¶ 5), they fail to plead facts that show complete diversity of citizenship. Plaintiffs identify Defendant Artists Equity, LLC as "a California limited liability company having its principal place of business in Los Angeles, California[.]" (*Id.* ¶ 3 (alteration added)). Defendant Falco Pictures, LLC "is a Delaware limited liability company having its principal place of business in Los Angeles, California[.]" (*Id.* ¶ 4 (alteration added)).

For purposes of diversity jurisdiction, an LLC's citizenship is not determined by its state of formation or principal place of business, but by the citizenship of each of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Consequently, "[t]o sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.* (alterations added). Absent this information, the Court cannot evaluate whether complete diversity exists. *See Criswell v. Convenience Stores, Inc.*, No. 08-cv-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008) (requiring plaintiffs to "correct the deficient allegations of citizenship" before proceeding). Even a single non-diverse member of a limited liability company is enough to destroy federal subject matter jurisdiction. *See Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1316 (11th Cir. 2017).

Accordingly, it is

**ORDERED** that Plaintiffs, Jason Smith and Jonathan Santana have until **May 12, 2026** to file an amended complaint correcting the foregoing deficiencies by properly alleging the citizenship of Defendants, Falco Pictures, LLC and Artists Equity, LLC. Failure to do so will result in dismissal of the action without prejudice and without further notice.

2

CASE NO. 26-23213-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 7th day of May, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3